UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISON

TYRON T. ADAMS

       Plaintiff,

vs.

CHAD CHRONISTER
IN HIS OFFICIAL CAPACITY AS SHERIFF     CASE NO._____
OF HILLSBOROUGH COUNTY, FLORIDA,

       Defendant

And                                             Jury Trial:   Yes

JUAN J. PEREZ
IN HIS OFFICIAL CAPACITY AS DIRECTOR
OF MIAMI-DADE POLICE DEPARTMENT,
FLORIDA

       Defendant.
_____/

**COMPLAINT**

      Plaintiff, TYRON T. ADAMS, (hereinafter "Plaintiff"), by and through undersigned counsels, sues the Defendants, CHAD CHRONISTER IN HIS OFFICIAL CAPACITY AS SHERRIFF OF HILLSBOUROUGH COUNTY, FLORIDA, (hereinafter "Defendant 1"), and JUAN J. PEREZ IN HIS OFFICIAL CAPACITY AS DIRECTOR OF MIAMI-DADE POLICE DEPARTMENT, FLORIDA, (hereinafter "Defendant 2"), and alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.     This is an action for violation of Civil Rights pursuant and under the Civil Rights Act, 42 U.S.C, Section 1983, for False Arrest, False Imprisonment, Negligence, Battery and Deliberate Indifference as a result of an arrest and imprisonment of

Plaintiff by Defendants and/or their agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors or sub-contractors which occurred on or about April 10, 2016, and continued through April 15, 2016.

2. Defendant 1 is a Public Official in Hillsborough County, Florida, who and/or whose agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors or sub-contractors committed the allegations contained in Paragraph 1 above by arresting and transporting Plaintiff to Miami-Dade County, Florida, thus venue is appropriate in the United States District Court Southern District of Florida.

3. Defendant 1 is Public Official and Sheriff in charge of the Office whose agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors, sub-contractors or other unknown individuals committed the violations and/or acts alleged in Plaintiff's Complaint, and/or Defendant 1 stands in the shoes of David Gee, in his official capacity of former Sheriff of Hillsborough County, Florida, whose agents, officers, deputy sheriffs, employee, contractors, sub-contractors or other unknown individuals committed the violations and/or acts alleged in Plaintiff's Complaint.

4. Defendant 2 is a Public Official in Miami-Dade County, Florida, who and/or whose agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors or sub-contractors committed the allegations contained in Paragraph 1 above by procuring an arrest warrant for Plaintiff based on erroneous,

wrongful, misleading, false, unsubstantiated and/or negligently compiled affidavit, by arresting Plaintiff, and/or by holding Plaintiff in confinement in furtherance of the arrest, and refusing to release Plaintiff for hours after being ordered to do so by a Judge in Miami-Dade County, Florida, thus venue is appropriate in the United States District Court Southern District of Florida.

5. Plaintiff is currently a resident of the State of Florida, born in 1964. At all times material to this Complaint, Plaintiff was a resident of the State of Georgia.

## FACTS

6. On April 10, 2016 Plaintiff was falsely and humiliatingly arrested on a Norwegian Cruise Line in Hillsborough County, Florida, by Hillsborough County Sheriff's Officers in front of his parents and wife, and hundreds of Norwegian Cruise Line employees and passengers pursuant to a wrongful out-of-county arrest warrant issued in Miami-Dade County, Florida.

7. From April 10, 2016 through April 14, 2016 Plaintiff remained falsely imprisoned in Hillsborough County, Florida. During this timeframe, Plaintiff was wrongfully and unconscionably denied access to certain prescription medications necessary to treat his previously diagnosed medical condition of cellulitis, which resulted in Plaintiff suffering severe pain.

8. On April 14, 2016 Plaintiff was then wrongfully and unlawfully transported from Hillsborough County, Florida, to Miami-Dade County Florida, with numerous other detained individuals in a motor vehicle with a faulty air

conditioning/ventilation system, which resulted in Plaintiff and another individual passing out from the heat and needing medical treatment.

9. On April 14, 2016, upon arriving in Miami-Dade County, Florida, Plaintiff was again falsely imprisoned.

10. On April 15, 2016 Plaintiff was brought before a Criminal Circuit Court Judge in Miami-Dade County, Florida.

11. After a brief review of the case, the Court ordered the immediate release of Plaintiff.

12. Despite said Court Order, Plaintiff remained falsely imprisoned in Miami-Dade County, for several more hours due to the negligent actions of Defendant 2, his agents, law enforcement and correctional facilities officers, sheriff deputies, employees, contractors, sub-contractors and/or other unknown individuals.

13. Upon his release, Plaintiff was given a pair of shorts and a t-shirt, and a token for travel, despite that Defendant 2 and/or his agents, law enforcement and correctional facilities officers, sheriff deputies, employees, contractors and/or sub-contractors knew that Plaintiff at the time was a resident of the State of Georgia.

14. Plaintiff developed serious and painful knee problems as a direct result of the manner in which he was positioned and due to the lack of space in the vehicle in which he was transported from Hillsborough County, Florida, to Miami-Dade County, Florida which resulted in permanent injuries and impairments.

**COUNT I – VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983**

15. Plaintiff re-alleges paragraphs 1 through 14.

16. Plaintiff has performed all statutory required conditions precedent to entitle Plaintiff to relief as provided by law, including compliance with Section 768.28, Florida Statutes, as Plaintiff has submitted his Notice of Claim Pursuant to Section 768.28, Florida Statutes, to Defendant 1 on April 20, 2018 and his Notice of Claim Pursuant to Section 768.28, Florida Statutes, to Defendant 2, on October 4, 2017.

17. Under color of law, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors or sub-contractors committed the allegations contained in Paragraphs 6 through 14 above resulting in violation of Plaintiff's Civil Rights and/or in deprivation of Plaintiff's rights, privileges and immunities secured by the United States Constitution and applicable law.

18. Under color of law, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors or sub-contractors committed the allegations contained in Paragraphs 6 through 14 above resulting in violation of Plaintiff's Civil Rights and/or in deprivation of Plaintiff's rights, privileges and immunities secured by the United States Constitution and applicable law.

19. By committing the acts described in paragraphs 6 through 14 above, Defendant 1 as respondeat superior and/or his agents, officers, deputy sheriffs, employees, contractors, sub-contractors or other unknown individuals acting under color of law deprived Plaintiff of his liberty without due process of law in violation of the 14th

Amendment to the United States Constitution.

20. By committing the acts described in paragraphs 6 through 14 above, Defendant 2 as respondeat superior and/or his agents, officers, deputy sheriffs, employees, contractors, sub-contractors or other unknown individuals acting under color of law deprived Plaintiff of his liberty without due process of law in violation of the 14th Amendment to the United States Constitution.

21. Defendant 1 and/or his agents, officers, deputy sheriffs, employees, contractors, sub-contractors or other unknown individuals acted under color of law as they presented themselves as deputy sheriffs, officers and/or other law enforcement personnel with the Hillsborough County Sheriff's Office, who purported to act in their official capacities.

22. Defendant 2 and/or his agents, officers, deputy sheriffs, employees, contractors, sub-contractors or other unknown individuals acted under color of law as they presented themselves as deputy sheriffs, law enforcement officers, correctional facilities officers and/or other law enforcement personnel with the Miami-Dade Police Department, who purported to act in their official capacities.

23. As a result of Defendant's 1 deprivation of Plaintiff's Constitutional rights, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

24. As a result of Defendant's 2 deprivation of Plaintiff's Constitutional rights, Plaintiff

suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

## COUNT II – FALSE ARREST

25. Plaintiff re-adopts and re-alleges paragraphs 1 through 14.

26. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors held Plaintiff

 against his will and/or took and held Plaintiff into custody without legal justification to do so.

27. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors held Plaintiff against his will and/or took and held Plaintiff into custody without legal justification to do so.

28. Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the arrest did so purposefully with the intent to deprive Plaintiff of his freedom.

29. Defendant 2 and/or his agents, law enforcement officers, correctional facilities

officers, deputy sheriffs, employees, contractors and/or sub-contractors who perpetuated the arrest did so purposefully with the intent to deprive Plaintiff of his freedom.

30. The arrest was done without a legal justification and/or Defendant 1 and Defendant 2 and/or their agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the arrest negligently failed to ascertain the legality of the out of county warrant upon which they were acting.

31. As a result of the false arrest by Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and

    incurred costs of medical care and supplies, and lost wages.

32. As a result of the false arrest and its perpetuation by Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

## COUNT III – FALSE IMPRISONMENT

33. Plaintiff re-adopts and re-alleges paragraphs 1 through 14.

34. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors held Plaintiff against his will imprisoned and/or took and held Plaintiff into involuntary confinement without legal justification to do so.

35. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors held Plaintiff against his will imprisoned and/or took and held Plaintiff into involuntary confinement without legal justification to do so.

36. Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the imprisonment/involuntary confinement did so purposefully with the intent to deprive Plaintiff of his freedom.

37. Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the imprisonment/involuntary confinement did so purposefully with the intent to deprive Plaintiff of his freedom.

38. The imprisonment/involuntary confinement was done without a legal justification

and/or Defendant 1 and Defendant 2, and/or their agents, law enforcement officers and/or correction facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the imprisonment negligently failed to ascertain the legality of the out of county warrant upon which they were acting.

39. As a result of the false imprisonment by Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

40. As a result of the false imprisonment and its perpetuation by Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

**COUNT IV – NEGLIGENCE**

41. Plaintiff re-adopts and re-alleges paragraphs 1 through 14.

42. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-

       contractors owed Plaintiff duty of care while holding and transporting Plaintiff in their custody.

43. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors owed Plaintiff duty of care while holding and transporting Plaintiff in their custody.

44. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors breached their duty of care owed to Plaintiff by wrongfully and unconscionably denying Plaintiff access to certain prescription medications necessary to treat his previously diagnosed medical condition of cellulitis, which resulted in Plaintiff suffering severe pain.

45. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors breached their duty of care owed to Plaintiff by wrongfully and unconscionably denying Plaintiff access to certain prescription medications necessary to treat his previously diagnosed medical condition of cellulitis, which resulted in Plaintiff suffering severe pain.

46. At all times material thereto, inclusive but not limited to April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors wrongfully and unlawfully transported Plaintiff from Hillsborough County, Florida, to Miami-Dade County Florida, with numerous other detained individuals in a motor vehicle with a faulty air conditioning/ventilation system, which resulted in Plaintiff passing out from the heat and needing medical treatment.

47. In addition, Defendant 1 and Defendant 2, and/or their agents, law enforcement officers and/or correction facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the imprisonment negligently failed to ascertain the legality of the out of county warrant upon which they were acting.

48. As a result of the negligence by Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

49. As a result of the negligence by Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

## **COUNT V – BATTERY**

50. Plaintiff re-adopts and re-alleges paragraphs 1 through 14.

51. At all times material thereto, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors committed battery on Plaintiff by intentionally restraining him physically, placing him in handcuffs and having physical contact with him without Plaintiff's consent.

52. At all times material thereto, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors committed battery on Plaintiff by intentionally restraining him physically, placing him and/or keeping him in handcuffs and having physical contact with him without Plaintiff's consent.

53. The battery was done without a legal justification and/or Defendant 1 and Defendant 2 and/or their agents, law enforcement officers, deputy sheriffs, employees, contractors and/or sub-contractors who executed the arrest negligently failed to ascertain the legality of the out of county warrant upon which they were acting.

54. As a result of the battery by Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life,

injury to reputation and incurred costs of medical care and supplies, and lost wages.

55. As a result of the battery by Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

## COUNT VI – DELIBERATE INDIFFERENCE

56. Plaintiff re-adopts and re-alleges paragraphs 1 through 14.

57. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1, a public official, and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, being notified of Plaintiff's medical condition, acted with conscious disregard towards Plaintiff's health.

58. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2, a public official, and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, being notified of Plaintiff's medical condition, acted with conscious disregard towards Plaintiff's health.

59. At all times material thereto, inclusive but not limited to April 10, 2016 through April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-

        contractors wrongfully and unconscionably denied Plaintiff access to certain prescription medications necessary to treat his previously diagnosed medical condition of cellulitis, which resulted in Plaintiff suffering severe pain.

60. At all times material thereto, inclusive but not limited to April 14, 2016 through April 15, 2016, Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors wrongfully and unconscionably denied Plaintiff access to certain prescription medications necessary to treat his previously diagnosed medical condition of cellulitis, which resulted in Plaintiff suffering severe pain.

61. At all times material thereto, inclusive but not limited to April 14, 2016, Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors wrongfully and unlawfully transported Plaintiff from Hillsborough County, Florida, to Miami-Dade County Florida, with numerous other detained individuals in a motor vehicle with a faulty air conditioning/ventilation system, which resulted in Plaintiff passing out from the heat and needing medical treatment.

62. As a result of the acts of deliberate indifference to Plaintiff by Defendant 1 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical

care and supplies, and lost wages.

63. As a result the acts of deliberate indifference to Plaintiff by Defendant 2 and/or his agents, law enforcement officers, correctional facilities officers, deputy sheriffs, employees, contractors and/or sub-contractors, Plaintiff suffered physical pain and suffering, emotional pain and distress, permanent physical impairment and disability, loss of normal life, injury to reputation and incurred costs of medical care and supplies, and lost wages.

**WHEREFORE**, Plaintiff demands judgment for Compensatory Damages in excess of $300,000.00, together with interest on any damages awarded, Punitive Damages in excess of $300,000.00 costs, lost wages, attorney's fees pursuant to any and all applicable laws, legal assistant fees, judgment finding Defendants jointly and severally liable, asks for any further relief the Court deems just and demands a Jury Trial on any issues triable in the above styled cause.

DATED this 21st day of May, 2019.

>     MILEV LAW LLC
>     939 Crandon Blvd.
>     Key Biscayne, FL 33149
>     (305) 987-2041 – Telephone
>     Designated E-mail:
>     gmilev@milevlaw.com
>     Attorney for Plaintiff
> By: /S/ *George Milev, Esquire*
>     FBN: 432120

                BRION ROSS LAW GROUP LLC
                1 East Broward Blvd, #700
                Ft. Lauderdale, FL 33301
                (954) 998-0002 – Telephone
                Designated E-mail:
                brion@brionrosslawgroup.com
                Attorney for Plaintiff
By:      /S/ *Brion Ross, Esquire*
                FBN: 55040